**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

———————————————————————x

MELISSA FISHER                                            :
                                                                       :
                                    *Plaintiff,*            :          **Civil Action No.** 1:23-CV-1511 (DNH/DJS)
                                                                       :
                                                                       :          **Jury Trial Requested**
          -against-                                          :
                                                                       :
TOWN OF SAUGERTIES, NEW YORK, a      :
municipal corporation, and FRED COSTELLO, JR. :
in his individual and official capacity as Town    :
Supervisor for the Town of Saugerties, New York   :
and CLAUDIA ANDREASSEN, in her official and :
individual capacity, as town justice of the Town   :
of Saugerties Justice Court                            :
                                                                       :
                                    *Defendants.*          :
                                                                       :
———————————————————————x

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.        This is an action brought by Plaintiff for (a) violation of her civil rights under the First Amendment to the United States Constitution pursuant to 42 U.S.C. §1983, seeking damages, declaratory and injunctive relief along with attorney's fees and costs pursuant to 42 U.S.C. §1988; and (b) her supplemental state law claim pursuant to the Public Employee Whistleblower Protection Law under New York Civil Service Law §75-B, for retaliation resulting from Plaintiff's protected activity, seeking reinstatement of the Plaintiff to the same position or to an equivalent position, reinstatement of full fringe benefits, back pay, compensation for lost benefits, and recoupment of reasonable costs, disbursements, and attorney's fees.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3), 28 U.S.C. §1367 (supplemental jurisdiction)  and 28 U.S.C. §2201.

2.      Venue is proper pursuant to 28 U.S.C. §1391, as the Defendants reside in the Northern District of New York and because the activities complained of herein occurred in the Northern District of New York.

3.      Plaintiff timely filed her supplemental statutory Notice of Claim pursuant to N.Y. GML §50-e on November 28, 2022, received by the Defendant on December 1, 2022. (**EXH. A**)

## PARTIES

4.      Plaintiff Melissa Fisher is a white female forty-five (45) years of age.  At all relevant times to this action, she was employed by the Town of Saugerties, New York as a town employee assigned to the Town of Saugerties Justice Court.

5.      Defendant Town of Saugerties, New York is at all times relevant to this action, a municipal corporation organized under the laws of the State of New York and the former employer of the Plaintiff.

6.      Defendant Fred Costello Jr., is the duly elected Town Supervisor for the Town of Saugerties, New York, who is responsible for the day-to-day operation of town offices and departments including the Town of Saugerties Justice Court, and the individual who terminated the Plaintiff's employment with the Town of Saugerties on September 7, 2022.

7.      Defendant Claudia Andreassen, at all times relevant to this action, is the former Town Justice for the Town of Saugerties Justice Court and the former supervisor of the Plaintiff. She became a Saugerties town justice on May 11, 2012.

**STATEMENT OF FACTS**

8.      Plaintiff was employed by the Town of Saugerties as a court clerk in the Saugerties Town Justice Court and hired by the Town of Saugerties on or about June 3, 2019.

9.      At the town court, Plaintiff was supervised by Town Justices Claudia Andreassen and Christopher R. Kraft.

10.     On or about July 13, 2021, Plaintiff and two other Town Court clerks filed a formal complaint against Defendant Andreassen alleging violations of the Town's harassment, and workplace violence policies, rules and regulations and further complaining about Andreassen's unprofessional conduct towards them.

11.     In response to these complaints from the Plaintiff and her two co-workers, Defendant Andressean's conduct towards them became more volatile and extremely unprofessional.

12.     Similarly, and in response to the formal complaints lodge by the Plaintiff and her two co-workers, Defendant Andreassen's alleged misconduct towards them escalated.

13.     For example, on November 9, 2021, Defendant Andreassen initiated a confrontation with the Plaintiff aggressively approaching her and blocking her path so that the Plaintiff could not leave the office while telling the Plaintiff that she could not leave.

14.     When the Plaintiff was finally able to leave the office, Defendant Andreassen began to mock the Plaintiff in front of the two remaining clerks throwing her arms around violently.  This conduct resulted in the two remaining clerks leaving the court clerk's office and proceeding directly to Defendant Costello's office complaining about Defendant Andreassen's conduct.

15.     Defendant Costello personally went to the Court Clerk's office and had a conversation with Defendant Andreassen.  However, by then the workday had ended and the Plaintiff and her co-workers left for the day.

16.     The Plaintiff and her co-workers also filed complaints about Defendant Andreassen's courtroom conduct, which included among other actions, abruptly leaving the bench during court, slamming doors behind her, yelling at a 10-year old child in Court who was leaning its head against its mother while ordering the child to "sit up" on October 13, 2021.

17.     Defendant Andreassen's courtroom conduct had at time prompted the Assistant District Attorney and the Public Defender assigned to the Court to have to personally intervene in an attempt to calm Defendant Andressean's behavior.

18.     The Plaintiff and her co-workers reported to Defendant Costello that Defendant Andreassen's conduct had become increasingly volatile.  When the Defendants Town and Costello failed to act within a reasonable period of time, the Plaintiff and her co-workers filed a formal complaint with the New York State Commission on Judicial Conduct (SCJC) on November 12, 2021.

19.     In addition to the formal complaint filed with the SCJC, upon information and belief, the Town of Saugerties Police Department initiated an investigation into Defendant Andressean's conduct consulting with the Ulster County District Attorney's office as to whether Andreassen's conduct violated the New York Penal Law.

20.     Upon information and belief Defendants Town of Saugerties and Costello, also retained outside counsel to initiate an investigation into Defendant Andreassen's conduct and the allegations of the Plaintiff and her co-workers.

21.     Upon information and belief an investigative report was prepared by Attorney Lance H. Klein, Esq. and/or the Law Firm of Keane & Beane and submitted to the Town of Saugerties sustaining the harassment and workplace violence allegations of the Plaintiff and her co-workers.  However, no corrective action was taken by Defendants Town or Costello against Defendant Andreassen.

22.     A demand for a copy of the "Klein" report was made upon Defendant Town of Saugerties pursuant to the New York Freedom of Information Law.  Defendant Town of Saugerties has refused to produce the investigative report.

23.     In response to the Plaintiff's and her co-workers complaints, the SCJC initiated an investigation into Defendant Andreassen's judicial conduct and the alleged harassment and abusive work environment created by Defendant Andreassen towards the Plaintiff and her co-workers.

24.     Defendants Costello and Andreassen were aware that Plaintiff and her co-workers had filed the SCJC complaints against Andreassen.

25.     In this regard, in its Stipulation of Facts, dated September 2, 2022,  the SCJC advised Defendant Andreassen that she was also being investigated by the Commission concerning alleged misconduct occurring on February 5, 2020, April 2, 2021, December 10, 2021, and May 3, 2022, for a total of six (6) complaints against her.  (**Exh. B**)

26.     Specifically, the SCJC advised Defendant Andreassen that she was being investigated concerning: (a) her adversarial relationship with the Saugerties Police Department; (b) alleged violations of prohibitions on campaign activity by judges; (c) her discourteous and disrespectful comments about court staff and courtroom spectators; (d) her attempts to effectuate

certain staffing decisions without involving her co-judge or the town board; and (e) her failure to maintain professional competence in the law. *Id.*

27.    While the SCJC had not rendered a substantive determination with respect to the complaints, Defendant Andreassen tendered her resignation to the SCJC on September 2, 2022, effective September 30, 2022. *Id.*

28.    Defendant Andreassen affirmed to the SCJC that upon vacating her judicial office. she would not seek nor accept judicial office at any time in the future. *Id.*

29.    On September 2, 2022, and subsequent to Andreassen's execution of the Stipulation referenced in paragraph 25, Defendant Andreassen and Town Justice Kraft then wrote the Town of Saugerties Town Board requesting that Plaintiff be terminated from her employment. **(Exh. C)**

30.    Upon information and belief, Town Justice Kraft was also aware of the complaints of the Plaintiff and her co-workers to Defendants Town, Costello and the SCJC concerning Defendant Andreassen's misconduct in addition to the SCJC Stipulation executed by Defendant Andreassen.

31.    In that letter, Defendant Andreassen asserted that the Plaintiff had failed to pass a civil service examination and that Defendant Andreassen attempted unsuccessfully to resolve disciplinary issues with the Plaintiff. *Id.*

32.    However, the termination based on the failure civil service examination was pretextual as the Defendants had maintained the employment of former clerk Cindy Murphy for approximately fifteen (15) years in the court clerk's office without that individual ever passing a civil service examination in addition to her failing the examination at least twice.

33.    Defendant Andreassen further claimed that the Plaintiff failed to follow directives which created an untenable work environment. *Id.* Again, this claim was pretextual and in retaliation toward the Plaintiff as a result of Plaintiff's complaints to Defendant Town and the SCJC.

34.    On September 7, 2022, only five (5) days after Defendant Andreassen's SCJC Stipulation and her notice to the SCJC that she would resign as a town justice, **(Exh. B)**, Defendant Costello, approached the Plaintiff in the Court Clerk's office and terminated her employment with the Town of Saugerties.

35.    On September 22, 2022, the SCJC accepted Defendant Andreassen's Stipulation and resignation.  **(Exh. D)**

36.    On September 28, 2022, a local electronic news release from the Hudson Valley News posted the story above Defendant Andreassen titled: "*Saugerties judge to resign from bench to resolve commission probe.*"  **(Exh. E)**

37.    Similarly, the SCJC electronically posted a news release titled: *"Town Justice in Ulster County Resigns While Under Investigation for Various Misconduct."* **(Exh. F)**

38.    Both stories disclose the purported misconduct of Defendant Andreassen and were matters of public concern.  In the same vein, local media widely publicized Defendant Andreassen's resignation concerning the SCJC misconduct probe.

39.    On November 28, 2022, Plaintiff filed her Notice of Claim against Defendants Town and  Costello.  **(Exh. A)**

## COUNT I

### Violation of First Amendment Rights pursuant to 42 U.S.C. §1983

40.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 39 as though fully set forth herein.

41.     This is an action for retaliation based upon a violation of the Plaintiff's rights under the First Amendment to the United States Constitution.

42.     Plaintiff's activity in reporting the alleged misconduct of Defendant Andreassen in violation of the Town's anti-harassment and workplace violence policies to Defendants Town and Costello, was a constitutionally protected activity and a matter of public concern.

43.     Moreover, Plaintiff's activity in reporting alleged misconduct of a public judicial official to the SCJC was constitutionally protected and a matter of public concern.

44.     The Defendants' action in terminating the employment of the Plaintiff would deter a person of ordinary firmness from continuing to engage in the protected activity.

45.     The Defendants' action in terminating the Plaintiff's employment was based upon her protected activity and in retaliation for repeatedly reporting Defendant Andreassen's misconduct to the Town.

46.     The Defendants' action in terminating the Plaintiff's employment was based upon her protected activity and in retaliation for reporting Defendant Andreassen's misconduct to the State Commission on Judicial Conduct (SCJC) which resulted in Defendant Andreassen's resignation as a judicial officer and her inability to ever hold a judicial office again.

47.     Plaintiff's protected activity in reporting Defendant Andreassen's alleged misconduct was a substantial and/or motivating factor in her termination from her court clerk

position.

48.    Moreover, the temporal proximity of Defendant Andreassen's resignation with the SCJC as Town Justice along with her inability to ever serve as a Town Justice again, and her letter to the Town Board requesting termination of the Plaintiff's employment, was again in retaliation for the Plaintiff's protected activity.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and; (a) damages in excess of $500,000.00, (b) declaratory and injunctive relief; (c) a trial on all triable issues; (d) with attorney's fees and costs pursuant to 42 U.S.C. §1988; (e) and such further relief as the Court deems necessary, appropriate and just.

## <u>COUNT II</u>

**Retaliation For Whistleblower Activity in Violation of**
**N.Y. Civil Service Law Section 75-b**
**(Fisher v. Town of Saugerties)**

49.    Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 as though fully set forth herein.

50.    This is an action for retaliation based upon a violation of the Plaintiff's rights under New York Civil Service Law §75-b.

51.    Plaintiff was a public employee within the meaning of Civil Service Law §75-b.

52.    Defendant Town of Saugerties is a public employer within the meaning of Civil Service Law §75-b and an appointing authority within the meaning of the law.

53.    Defendant Costello is the designee of the appointing authority within the meaning of Civil Service Law §75-b.

54.    The State Commission on Judicial Conduct (SCJC) is a government body within

the meaning of Civil Service Law §75-b,

55.     Defendant Town of Saugerties has promulgated policies, practices and/or regulations prohibiting harassment in the workplace and policies prohibiting workplace violence.

56.     Moreover, the State Commission on Judicial Conduct (SCJC) has promulgated policies, practices and/or regulations concerning the conduct of judicial officers which were applicable to Defendant Andreassen.

57.     Between 2021 and 2022, Plaintiff reported to Defendants Town and Costello improper government action by Defendant Andreassen within the meaning of §75-b of the New York Civil Service Law.

58.     Prior to reporting Defendant Andreassen's improper conduct to the SCJC, Plaintiff made a good faith effort to provide the appointing authority, and/or its designee,  i.e. Defendant Town and Defendant Costello with information and facts demonstrating that Defendant Andreassen was violating and/or had violated the Town's anti-harassment policies, rules and/or regulations, and/or its policies, rules and/or regulations prohibiting workplace violence policies, prior to Plaintiff and her co-workers reporting Defendant Andreassen's conduct to the SCJC.

59.     Moreover, Plaintiff provided Defendant Town and Defendant Costello reasonable time to take appropriate action which the Defendants Town and Costello failed to do.

60.     Plaintiff's activity in reporting the alleged misconduct of Defendant Andreassen in violation of the Town's anti-harassment and workplace violence policies to Defendants Town and Costello, evidenced a reasonable belief of a possible violations of law, rules or regulations.

61.     Moreover, Plaintiff's activity in reporting alleged misconduct of a public official

to the Defendants Town and Costello was protected and a matter of public concern.

62. As a result of Defendants Town and Costello failure to take appropriate action against Defendant Andreassen within a reasonable time, Plaintiff reported Defendant Andreassen's conduct to the SCJC.

63. The report to the SCJC was protected activity under Civil Service Law §75-b.

64. As a result of the Plaintiff's report to the SCJC, Defendant Andreassen resigned her position as town justice and consented to not seek or serve in a judicial office again.

65. On the same day that Defendant Andreassen agreed to resign from her town justice position (September 2, 2022), Andreassen recommended to Defendant Town that Plaintiff be terminated from her position as court clerk.

66. Defendant Costello carried out Andreasean's request on September 7, 2022, and terminated Plaintiff's position with the town court. Plaintiff's termination was a personnel action within the meaning of Civil Service Law §75-b.

67. Plaintiff's termination by Defendant Town was also in retaliation for her protected activities under Civil Service Law §75-b.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Town, (a) an injunction to restrain continued violation of section 75-b; (b) the reinstatement of the Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position; (c) the reinstatement of full fringe benefits and seniority rights; (d) the compensation for lost wages, benefits and other remuneration; and (e) the payment by the employer of reasonable costs, disbursements, and attorney's fees; (f) a trial on all triable issues; (g) and such further relief as the Court deems necessary, appropriate and just.

Respectfully submitted,

***/s/ Stephen G. DeNigris, Esq.***
Stephen G. DeNigris, Esq.
Bar No. 506759
Attorney for the Plaintiff
The DeNigris Law Firm PLLC
P.O. Box 14643
Albany, NY  12212-4643

Office: (518)355-1482
Fax: (518)355-1562
Email: SGD853@aol.com

Dated:  November 30, 2023
        Albany, NY

12